TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
CHRISTINE M. RO (Cal. Bar No. 285401)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4496/7407
     Facsimile: (213) 894-2927
     E-mail:    Reema.El-Amamy@usdoj.gov
                Christine.Ro@usdoj.gov
                William.Rollins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00209-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| EDUARDO MORENO, | |
| Defendant. | **CURRENT TRIAL DATE:** 4/27/21<br>**PROPOSED TRIAL DATE:** 8/24/21 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy, Christine M. Ro, and William M. Rollins, and defendant Eduardo Moreno ("defendant"), both individually and by and through his counsel of record, Edward M. Robinson, hereby stipulate as follows:

1. The Information in this case was filed on May 29, 2020. Defendant first appeared before a judicial officer of the court in which the charge in this case was pending on April 1, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 7, 2020.

2. On June 1, 2020, the Court set a trial date of July 28, 2020, and a status conference date of July 13, 2020.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. The Court has previously continued the trial date in this case from July 28, 2020 to March 30, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. On February 24, 2021, the Court continued the trial date to April 27, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to August 24, 2021.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 1992(a)(1): Terrorist Attacks and other Violence against Railroad Carriers and Mass Transportation Systems. The government has produced discovery to the defense, including audio and video recordings related to the charged crime, as well as federal and local law enforcement reports related to the charged crime.

      b.   On February 12, 2021, defendant's current counsel substituted in as counsel of record. Counsel for defendant is scheduled to be in trial in: <u>United States v. Taylor</u>, CR No. 20-191-JGB, a child sexual enticement trial scheduled to begin on June 1, 2021; <u>United States v. Lopez</u>, CR No. 19-00448-MWF, a drug trial scheduled to being on May 25, 2021; and <u>United States v. Borques-Galindo</u>, CR No. 20-00153-ODW, a drug trial scheduled to begin on June 1, 2021. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

1 part of the attorney for the Government to obtain available
2 witnesses.
3     7.   For purposes of computing the date under the Speedy Trial
4 Act by which defendant's trial must commence, the parties agree that
5 the time period of April 27, 2021 to August 24, 2021, inclusive,
6 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
7 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
8 continuance granted by the Court at defendant's request, without
9 government objection, on the basis of the Court's finding that: (i)
10 the ends of justice served by the continuance outweigh the best
11 interest of the public and defendant in a speedy trial; (ii) failure
12 to grant the continuance would be likely to make a continuation of
13 the proceeding impossible, or result in a miscarriage of justice; and
14 (iii) failure to grant the continuance would unreasonably deny
15 defendant continuity of counsel and would deny defense counsel the
16 reasonable time necessary for effective preparation, taking into
17 account the exercise of due diligence.
18     8.   Nothing in this stipulation shall preclude a finding that
19 other provisions of the Speedy Trial Act dictate that additional time
20 periods be excluded from the period within which trial must commence.
21 //
22 //
23 //
24 //
25 //
26 //
27
28

4

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 15, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


           /s/
REEMA M. EL-AMAMY
CHRISTINE M. RO
WILLIAM M. ROLLINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: April 15, 2021
           */s/ Edward M. Robinson*
EDWARD M. ROBINSON
Attorney for Defendant
EDUARDO MORENO


   I am EDUARDO MORENO's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 24, 2021 is an informed and voluntary one.

   */s/ Edward M. Robinson*                    4/15/21
EDWARD M. ROBINSON                              Date
Attorney for Defendant
EDUARDO MORENO

5