TRACY L. WILKISON
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552/4496
    Facsimile: (213) 894-2927
    E-mail:   Reema.El-Amamy@usdoj.gov
              Christine.Ro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00209-PSG |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT EDUARDO MORENO |
| v. | |
| EDUARDO MORENO, | |
| Defendant. | |

1.   This constitutes the plea agreement between EDUARDO MORENO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 22, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 23 and 24 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the information in <u>United States v. Moreno</u>, CR No. 20-00209-PSG, which charges defendant with Terrorist Attacks and other Violence against Railroad Carriers and Mass Transportation Systems in violation of 18 U.S.C. § 1992(a)(1).

b.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the

2

1   Chief Judge 20-043 and 20-080, or another order, rule, or statute.

2   Defendant understands that, under the Constitution, the United States

3   Code, the Federal Rules of Criminal Procedure (including Rules 11,

4   32, and 43), he may have the right to be physically present at these

5   hearings.  Defendant understands that right and, after consulting

6   with counsel, voluntarily agrees to waive it and to proceed remotely.

7   Defense counsel also joins in this consent, agreement, and waiver.

8   Specifically, this agreement includes, but is not limited to, the

9   following:

10          i.   Defendant consents under Section 15002(b) of the

11  CARES Act to proceed with his waiver of indictment, under Federal

12  Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not

13  reasonably available.

14          ii.  Defendant consents under Section 15002(b) of the

15  CARES Act to proceed with his change of plea hearing by VTC or

16  telephone, if VTC is not reasonably available.

17          iii. Defendant consents under Section 15002(b) of the

18  CARES Act to proceed with his sentencing hearing by VTC or telephone,

19  if VTC is not reasonably available.

20          iv.  Defendant consents under 18 U.S.C. § 3148 and

21  Section 15002(b) of the CARES Act to proceed with any hearing

22  regarding alleged violations of the conditions of pre-trial release

23  by VTC or telephone, if VTC is not reasonably available.

24          c.   Not contest facts agreed to in this agreement.

25          d.   Abide by all agreements regarding sentencing contained

26  in this agreement and affirmatively recommend to the Court that it

27  impose sentence in accordance with paragraph 16 of this agreement.

28

e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 16 of this agreement.

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in the information, that is, Terrorist Attacks and other Violence against Railroad Carriers and Mass Transportation Systems, in violation of Title 18, United States Code, Section 1992(a)(1), the following must be true: (1) an individual wrecked, derailed, set fire to, or disabled railroad on-track equipment or a mass transportation vehicle; (2) the individual committed the act knowingly and without lawful authority or permission; and (3) a jurisdictional requirement was satisfied, specifically, that any of

4

the conduct required for the offense was engaged in, on, against, or affecting a mass transportation provider or a railroad carrier engaged in or affecting interstate commerce.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1992(a)(1), is: 20 years imprisonment; a lifetime of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.  The parties currently believe that the applicable amount of restitution is approximately $700,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that

5

1    if defendant violates one or more of the conditions of any supervised

2    release imposed, defendant may be returned to prison for all or part

3    of the term of supervised release authorized by statute for the

4    offense that resulted in the term of supervised release, which could

5    result in defendant serving a total term of imprisonment greater than

6    the statutory maximum stated above.

7        9.   Defendant understands that, by pleading guilty, defendant

8    may be giving up valuable government benefits and valuable civic

9    rights, such as the right to vote, the right to possess a firearm,

10   the right to hold office, and the right to serve on a jury.

11   Defendant understands that he is pleading guilty to a felony and that

12   it is a federal crime for a convicted felon to possess a firearm or

13   ammunition.  Defendant understands that the conviction in this case

14   may also subject defendant to various other collateral consequences,

15   including but not limited to revocation of probation, parole, or

16   supervised release in another case and suspension or revocation of a

17   professional license.  Defendant understands that unanticipated

18   collateral consequences will not serve as grounds to withdraw

19   defendant's guilty plea.

20       10.  Defendant understands that, if defendant is not a United

21   States citizen, the felony conviction in this case may subject

22   defendant to: removal, also known as deportation, which may, under

23   some circumstances, be mandatory; denial of citizenship; and denial

24   of admission to the United States in the future.  The Court cannot,

25   and defendant's attorney also may not be able to, advise defendant

26   fully regarding the immigration consequences of the felony conviction

27   in this case.  Defendant understands that unexpected immigration

28

consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On March 31, 2020, defendant MORENO, an engineer and train operator for the Pacific Harbor Line train company ("PHL"), drove a locomotive (the "train") at high speed, did not slow down near the end of the train track, and knowingly, intentionally, and without lawful authority and permission derailed the train off the train tracks near the United States Naval Ship Mercy – a hospital ship then docked in the Port of Los Angeles, within the Central District of California. Defendant caused approximately $700,000 in damages as a result of the derailment. Defendant MORENO admits that at the time of the offense PHL provided rail transportation, maintenance, and dispatching services to the Ports of Long Beach and Los Angeles, which together formed the largest container port in the United States. At the time of the offense, PHL's trains at the Port of Los Angeles – and, in particular, its trains at on-dock intermodal terminals such as the one operated by defendant MORENO – were used to load and unload cargo between the United States and the rest of the world.

1

<u>SENTENCING FACTORS</u>

2      12.   Defendant understands that in determining defendant's

3 sentence the Court is required to calculate the applicable Sentencing

4 Guidelines range and to consider that range, possible departures

5 under the Sentencing Guidelines, and the other sentencing factors set

6 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7 Sentencing Guidelines are advisory only.

8      13.   The Defendant and the USAO agree that the following

9 specific offense characteristics apply:

10   Loss Amount More than
     $550,000:

11                                 +14    U.S.S.G. § 2B1.1(b)(1)(H)

12   Reckless Risk of Death or    +2    U.S.S.G. § 2B1.1(b)(16)(A)
     Serious Bodily Injury:

13
     Abuse of Position of Trust or  +2              U.S.S.G. § 3B1.3
14   Use of Special Skill:

15   Public Welfare Departure:      +1              U.S.S.G. § 5K2.14

16      14.   Defendant understands that the government believes that the

17 terrorism enhancement set forth in U.S.S.G. § 3A1.4 applies.

18 Defendant understands that the government intends to seek a sentence

19 of 77 months' imprisonment, among other conditions listed in

20 paragraph 16, regardless of whether the Court determines that the

21 terrorism enhancement set forth in U.S.S.G. § 3A1.4 applies.

22      15.   Defendant understands that there is no agreement as to

23 defendant's criminal history or criminal history category.

24                          <u>AGREED-UPON SENTENCE</u>

25      16.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),

26 Defendant and the USAO agree that, taking into account the factors

27 listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of

28 this case is that the Court impose a sentence of no greater than 77

months' imprisonment; a lifetime of supervised release with conditions to be fixed by the Court; a $100 special assessment; and approximately $700,000 in restitution.  The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court in the following amounts: approximately $700,000, to Pacific Harbor Line, Inc.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

9

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.   Defendant agrees that, provided the Court imposes the sentence in accordance with paragraph 16 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

20.   The USAO agrees that, provided the Court imposes a sentence of at least 77 months' of imprisonment and in accordance with paragraph 16 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

21.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

11

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentence referenced in paragraph 16 consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____        11/30/2021
REEMA M. EL-AMAMY                       _____
CHRISTINE M. RO                         Date
Assistant United States Attorney

_____        11/30/21
EDUARDO MORENO                          _____
Defendant                               Date

_____        11/30/21
EDWARD M. ROBINSON                      _____
Attorney for Defendant EDUARDO          Date
MORENO

14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

EDUARDO MORENO
Defendant

11/30/21
Date

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2    I am EDUARDO MORENO's attorney.  I have carefully and thoroughly
3  discussed every part of this agreement with my client.  Further, I
4  have fully advised my client of his rights, of possible pretrial
5  motions that might be filed, of possible defenses that might be
6  asserted either prior to or at trial, of the sentencing factors set
7  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
8  provisions, and of the consequences of entering into this agreement.
9  To my knowledge: no promises, inducements, or representations of any
10  kind have been made to my client other than those contained in this
11  agreement; no one has threatened or forced my client in any way to
12  enter into this agreement; my client's decision to enter into this
13  agreement is an informed and voluntary one; and the factual basis set
14  forth in this agreement is sufficient to support my client's entry of
15  a guilty plea pursuant to this agreement.

16

17  _____     11/30/21
   EDWARD M. ROBINSON                    _____
18  Attorney for Defendant EDUARDO        Date
   MORENO

19

20

21

22

23

24

25

26

27

28